# UNITED STATES DISTRICT COURT
# DISTRICT OF COLORADO

| | |
|---|---|
| **Scott Osbourne**, | |
| Plaintiff, | Case No. |
| v. | |
| **Medicredit, Inc.**, | Complaint and Demand for Jury Trial |
| Defendant. | |

## COMPLAINT

**Scott Osbourne** (Plaintiff), by and through his attorneys, **Kimmel & Silverman, P.C.**, alleges the following against **Medicredit, Inc.** (Defendant):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227.

## JURISDICTION AND VENUE

2. This Court has subject-matter jurisdiction over this action under 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States. See Mims v. Arrow Fin. Servs., LLC, 565 U.S. 368, 386-87 (2012) (confirming that 28 U.S.C. § 1331 grants the United States district courts federal-question subject-matter jurisdiction to hear private civil suits under the TCPA).

3. This Court has personal jurisdiction over Defendant because Defendant regularly conducts business in the State of Colorado and because the occurrences from which Plaintiff's cause of action arises took place and caused Plaintiff to suffer injury in the State of Colorado.

4. Venue is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Golden, Colorado 80401.

6. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

7. Defendant is a business entity with a principal place of business, head office, or otherwise valid mailing address at 3 City Place Drive, Suite 690, Saint Louis, Missouri 63141.

8. Defendant is a "person" as that term is defined by 47 U.S.C. § 153(39).

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and/or insurers.

## FACTUAL ALLEGATIONS

10. Plaintiff has a cellular telephone number.

11. Plaintiff has only used this phone number as a cellular telephone.

12. Beginning in or around January 2017 and continuing through around May 2017, Defendant repeatedly called Plaintiff on his cellular telephone to collect an alleged debt.

13. Frustrated by Defendant's repeated calls, in or around February or March 2017, Plaintiff told Defendant to stop calling.

14. On subsequent calls through May 2017, Plaintiff repeated his instruction to Defendant not to call.

15. Once Defendant was informed that its calls were unwanted and that Plaintiff wanted it to stop calling, its continued calls could have served no lawful purpose.

16. Further, any continued calls could only have been placed to in order to harass Plaintiff.

17. Despite Plaintiff's clear demand to stop calls to him, Defendant persisted in calling Plaintiff multiple times per week through to May 2017.

18. When contacting Plaintiff, Defendant used an automated telephone dialing system and/or pre-recorded voice.

19. Plaintiff knew that Defendant was using an automated telephone dialing system and/or pre-recorded voice as the calls would start with a prerecorded or automatically-generated voice before being connected with Defendant's live representatives.

20. Defendant's incessant calls were bothersome, disruptive and frustrating for Plaintiff to endure.

## COUNT I
## DEFENDANT VIOLATED THE TCPA

21. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

22. The TCPA prohibits placing calls using an automatic telephone dialing system or automatically generated or prerecorded voice to a cellular telephone except where the caller has the prior express consent of the called party to make such calls or where the call is made for emergency purposes. 47 U.S.C. § 227(b)(1)(A)(iii).

23. Defendant initiated repeated calls to Plaintiff's cellular telephone.

24. Defendant initiated these calls to Plaintiff using an automatic telephone dialing system.

25. Defendant initiated multiple telephone calls to Plaintiff's cellular telephone number with a prerecorded or automatically generated voice.

26. Defendant's calls to Plaintiff's cellular telephone were not made with Plaintiff's prior express consent.

27. Defendant's calls to Plaintiff's cellular telephone were not made for emergency purposes.

28. Defendant's conduct violated the TCPA by placing repeated calls using an automatic telephone dialing system and/or prerecorded or automated voice to Plaintiff's cellular telephone.

29. The TCPA provides that where a defendant willfully or knowingly violated the TCPA or regulations prescribed thereunder, the Court may impose treble damages. 47 U.S.C. § 227(b)(3).

30. When Defendant called Plaintiff from around January 2017 through around May 2017, it knew no later than Plaintiff's instruction to stop calling in around February or March 2017 that it did not have prior express consent to call Plaintiff.

31. When Defendant called Plaintiff from around January 2017 through around May 2017, it knew it was placing calls to a cellular telephone.

32. Defendant's violation of the TCPA was therefore either willful or knowing starting no later than the date of Plaintiff's first instruction to stop calling.

33. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above, entitling Plaintiff to injunctive relief and an award of statutory, actual, and treble damages.

**Wherefore**, Plaintiff, **Scott Osbourne**, respectfully prays for judgment as follows:

    a. All actual damages Plaintiff suffered (as provided under 47 U.S.C. § 227(b)(3)(A));

    b. Statutory damages of $500.00 per violative telephone call (as provided under 47 U.S.C. § 227(b)(3)(B));

    c. Treble damages of $1,500.00 per violative telephone call (as provided under 47 U.S.C. § 227(b)(3));

    d. Injunctive relief (as provided under 47 U.S.C. § 227(b)(3)); and

    e. Any other relief this Honorable Court deems appropriate.

## DEMAND FOR JURY TRIAL

**Please take notice** that Plaintiff, **Scott Osbourne**, demands a jury trial in this case.

Respectfully submitted,

Dated: 9/4/18

By: *s/ Amy L. Bennecoff Ginsburg*
Amy L. Bennecoff Ginsburg, Esq.
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Phone: 215-540-8888
Facsimile: 877-788-2864
Email: aginsburg@creditlaw.com